UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOHN CUNNINGHAM,

    Plaintiff,

  v.

BANK ONE,

    Defendant.

CASE NO.  C05-2104RSM

ORDER GRANTING MOTION
COMPEL

    This matter comes before the Court on defendant's motion to compel discovery responses. (Dkt. #9). In particular, defendant seeks an answer to Interrogatory No. 25, and documents responsive to Requests for Production Nos. 4, 5, 6, 15, 16 , 18 and 21. Prior to filing this motion, defendant's counsel held a telephone conference with plaintiff's counsel to discuss the discovery deficiencies. Plaintiff's counsel agreed to submit responses to Interrogatory No. 25 and Requests for Production Nos. 4, 5, 6, 15, 16 and 18. Plaintiff objected to Request for Production No. 21 on the basis that it is irrelevant and unlikely to lead to relevant evidence. Plaintiff has failed to produce any responses to the discovery requests at issue in this motion, and plaintiff has also failed to respond to the instant motion.

ORDER
PAGE – 1

Having reviewed defendant's Motion to Compel, and the remainder of the record, the Court does hereby find and ORDER:

(1) Defendant's Motion to Compel (Dkt. #9) is GRANTED. Rule 26 of the Federal Rules of Civil Procedure allow parties to obtain discovery about any matter, as long as it is not privileged and it is relevant to the claim of any party. Fed. R. Civ. P. 26(b)(1). In this case, no claim of privilege has been asserted by plaintiff, thus, discovery turns on whether the information sought is relevant. Relevant evidence is that which has a tendency to make the "existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Rule 26(b) is liberally interpreted to permit wide-ranging discovery of information even though the information may not be admissible at the trial. *Jones v. Commander, Kansas Army Ammunitions Plant*, 147 F.R.D. 248, 250 (D. Kan. 1993). The party who resists discovery has the burden to show discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975); *Nestle Foods Corp. v. Aetna Cas. & Sur. Co.*, 135 F.R.D. 101, 104 (D. N.J. 1990).

It appears that plaintiff has already agreed to produce all of the information sought by defendant through Interrogatory No. 25 and Requests for Nos. 4, 5, 6, 15, 16 and 18, and he provides no explanation to this Court why such information had not yet been produced.

With respect to Request for Production No. 21, plaintiff has failed to demonstrate how the information sought is irrelevant. Plaintiff has alleged that defendant violated the Truth In Lending Act, 15 U.S.C. § 1601, *et seq*. Plaintiff has also admitted that he has made claims against other banks similar to the claims he makes in this case. Request for Production No. 21 asks for any transcripts of testimony that plaintiff has given at any trial, in a deposition, in an administrative hearing or in an arbitration. The Court agrees with defendant that such discovery

ORDER
PAGE – 2

is relevant because it is reasonably calculated to lead to admissible evidence.

Moreover, this District's local rules state that "[i]f a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit." Local Rule CR 7(b)(2). Having reviewed the record in this case, the Court finds no reason not to apply this rule.

Accordingly the Court hereby COMPELS plaintiff to provide full and complete responses to Interrogatory No. 25, and documents responsive to Requests for Production Nos. 4, 5, 6, 15, 16, 18 and 21 no later than November 21, 2006.

(2) The Clerk is directed to forward a copy of this Order to all counsel of record.

DATED this 20 day of November, 2006.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER
PAGE – 3