UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOHN CUNNINGHAM, ) | |
| ) | CASE NO. C05-2104RSM |
| Plaintiff, ) | |
| ) | ORDER GRANTING DEFENDANT'S |
| v. ) | MOTION FOR SUMMARY JUDGMENT |
| ) | AND DENYING PLAINTIFF'S MOTION FOR |
| BANK ONE, ) | SUMMARY JUDGMENT |
| ) | |
| Defendant. ) | |
| _____ ) | |

## **I.  INTRODUCTION**

This matter comes before the Court on the parties' motions for summary judgment. (Dkts. #13 and #22). Plaintiff asserts that defendant is liable for violations of the Truth in Lending Act ("TILA"), 15 U.S.C. §1601, arising from defendant's failure to investigate plaintiff's allegations of a billing error. Defendant disagrees, and argues that plaintiff's letters to defendant, on their face, do not constitute valid written notices of billing error under the Fair Credit Billing Act ("FCBA"), 15 U.S.C. §1666. Defendant further argues that plaintiff's letters were not timely under the FCBA, and that plaintiff's claims are barred by the statute of limitations. For the reasons set forth below, the Court agrees with defendant, GRANTS defendant's motion for summary judgment, and DENIES plaintiff's motion for summary judgment.

ORDER
PAGE - 1

## II.  BACKGROUND

Plaintiff, John Cunningham, brought this action against defendant, Bank One, on December 20, 2005 for violations of TILA, 15 U.S.C. §1601. (Dkt. #1 at 1). Plaintiff held two credit card accounts with defendant – one opened in July 1996 and the other opened in January 2000.  Plaintiff stopped making payments on both accounts after August 2004.  At that time, each account carried a balance in excess of ten thousand dollars. (Dkt. #13 at 2).  On November 25, 2004, plaintiff sent defendant letters notifying it of "billing errors" on the two accounts, pursuant to the FCBA – Part D of TILA. (Dkt. #22 at 10-11).  Defendant did not recognize plaintiff's letters as proper notice of billing error, and instead charged off and closed the accounts on November 30, 2004. (Dkt. #13 at 2).

Following discovery, defendant filed a motion for summary judgment on December 26, 2006. (Dkt. #13).  Plaintiff then filed his own motion for summary judgment on January 9, 2007. (Dkt. #22). Both parties agree that this matter should be dealt with on summary judgment as a matter of law, as there are no genuine issues of material fact for the Court to consider. (Dkts. #13 at 24 and #22 at 5).

## III.  DISCUSSION

**A. Defendant's Motion to Strike**

As an initial matter, the Court addresses defendant's motion to strike.  Defendant argues that plaintiff failed to sign his declaration, as required by 28 U.S.C. §1746 and Part III. K. of the U.S. District Court, Western District of Washington Electronic Filing Procedures, and therefore the Court should strike the declaration. Court rules regarding non-attorney electronic signatures state "If the original document requires the signature of a non-attorney, the filing party may scan the entire document, including the signature page, or attach the scanned signature page to an electronic version of the filing." U.S. DISTRICT COURT, WESTERN DISTRICT OF WASHINGTON, ELECTRONIC CASE FILING (ECF) USER'S MANUAL (MAY 2005), http://wawd.uscourts.gov/documents/ecf_usersmanual.pdf. Plaintiff did not comply with that rule.  However, the Court declines to strike the declaration. Since

both parties agree that there are no disputes of material fact, the validity of plaintiff's signature on his declaration is moot. In any event, the Court notes that exhibits attached to plaintiff's declaration are essentially duplicates of those contained in defendant's own sworn declarations. (*Compare* Dkt. #21, Ex. A-P *with* Dkt. #14, Ex. 1- 12 and Dkt.#15, Ex. 1-5). Accordingly, the Court DENIES defendant's motion to strike and now turns to the motions for summary judgment.

### B. Summary Judgment Standard

Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). The Court must draw all reasonable inferences in favor of the non-moving party. *See F.D.I.C. v. O'Melveny & Meyeres*, 969 F.2d 744, 747 (9th Cir. 1992), *rev'd on other grounds*, 512 U.S. 79 (1994). The moving party has the burden of demonstrating the absence of a genuine issue of material fact for trial. *See Anderson*, 477 U.S. at 257.

Genuine factual issues are those for which the evidence is such that "a reasonable jury could return a verdict for the non-moving party." *Anderson*, 477 U.S. at 248. Material facts are those which might affect the outcome of the suit under governing law. *See id.* In ruling on summary judgment, a court does not weigh evidence to determine the truth of the matter, but "only determine[s] whether there is a genuine issue for trial." *Crane v. Conoco, Inc.*, 41 F.3d 547, 549 (9th Cir. 1994) (citing *O'Melveny & Meyers*, 969 F.2d at 747). As stated above, both parties agree that there are no genuine issues of material fact in this action.

### C. Truth in Lending Claims

Plaintiff's action is based on defendant's alleged violation of the billing dispute procedures contained in the Fair Credit Billing Act ("FCBA"), 15 U.S.C. §1666, which is part of the Truth In

Lending Act ("TILA"), 15 U.S.C. §1601. The FCBA was enacted to help consumers make informed decisions about the use of credit and to protect consumers against unfair and inaccurate credit billing practices. *GAC Finance Corp. of Spokane v. Burgess*, 16 Wash.App. 758, 760 (1977). In order to effect this purpose, courts have held that the FCBA is to be liberally construed and the requirements strictly enforced. *Id.*; *see also Grant v. Imperial Motors*, 539 F.2d 506, 510 (5th Cir. 1976)("Once the court finds a violation no matter how technical it has no discretion with respect to imposition of liability."). To succeed on a claim under 15 U.S.C. §1666, plaintiff must show (1) the existence of a billing error, (2) timely notification of the billing error, and (3) failure of the bank issuing the card to comply with the procedural requirements of Section 1666. *Beaumont v. Citibank (South Dakota) N.A. and Chase Bank*, 2002 U.S. Dist. LEXIS 5276, *8 (S.D.N.Y. March 28, 2002).

In this action, plaintiff obtained two credit cards from defendant. On or about November 24, 2005, plaintiff sent two identical letters to defendant referencing each of the respective accounts and titled "Notice of Billing Error" (Dkt. #14, Ex. 5 and Ex. 12). The letters state:

> Pursuant to 15 U.S.C. 1666, I am writing you at the address on my billing statements to be used for billing inquiries within 60 days of receiving a statement of my account dated November 5, 2004 in connection with extensions of consumer credit. I hereby provide you notice that I believe said statement contains errors in the total amount you allege to be due, and other more specific items, as laid out more completely below. My belief that the statements contain billing errors under 15 U.S.C. 1666(b)(1)(2) and (5) is based on my belief that you failed to give all the proper disclosures required by law to me prior to opening this account and additional disclosures since then. Because you failed to provide these disclosures, the account could not legally be opened and I should not be responsible for the payment of interest, fees or other finance charges.

*Id.* Defendant asserts that plaintiff's letters do not, on their face, constitute valid written notice of billing error. However, the statute itself, and the liberal construction of the statute in favor of consumers, result in a broader reading than defendant suggests.

The FCBA defines "billing error" as one of the following:

(1) A reflection on a statement of an extension of credit which was not made to the obligor or, if made, was not in the amount reflected on such statement.
(2) A reflection on a statement of an extension of credit for which the obligor requests

ORDER
PAGE - 4

additional clarification including documentary evidence thereof.
(3) A reflection on a statement of goods or services not accepted by the obligor or his designee or not delivered to the obligor or his designee in accordance with the agreement made at the time of a transaction.
(4) The creditor's failure to reflect properly on a statement a payment made by the obligor or a credit issued to the obligor.
(5) A computation error or similar error of an accounting nature of the creditor on a statement.
(6) Failure to transmit the statement required under section 1637(b) of this title to the last address of the obligor which has been disclosed to the creditor, unless that address was furnished less than twenty days before the end of the billing cycle for which the statement is required.
(7) Any other error described in regulations of the Board.

15 U.S.C. §1666(b).

Further, the TILA implementing regulation ("Regulation Z"), 12 C.F.R. §226.13(b), defines a consumer's written notice of billing error as one that "To the extent possible, indicates the consumer's belief and the reasons for the belief that a billing error exists, and the type, date, and amount of the error." Both the statute and regulation contemplate that a consumer may not possess all of the information necessary to precisely identify the extent of a claimed billing error and even a "request for clarification may itself constitute a 'billing error'." *Burnstein v. Saks Fifth Avenue & Co.* 208 F.Supp.2d 765, 774 (E.D. Mich. 2002). The plaintiff's "belief" need not be in good faith, rather, even a plaintiff's "bad-faith nit-picking" may constitute a notice of billing error. *Kurz v. Chase Manhattan Bank* 273 F.Supp.2d 474 (S.D.N.Y. 2003). Thus, plaintiff's statement in his letters of his belief, and his reasons to believe, that his October and November 2004 billing statements "contain billing errors under 15 U.S.C. 1666(b)(1)(2) and (5)," is sufficient to constitute valid written notice of billing error.

Nonetheless, as stated above, to succeed on a TILA claim, plaintiff's written notice of billing error must not only be valid, it must also be timely. *Beaumont v. Citibank (South Dakota) N.A. and Chase Bank*, 2002 U.S. Dist. LEXIS 5276 *8. To trigger a creditor's obligation to investigate a disputed billing statement, a consumer must send written notice within 60 days of the creditor's transmission of the statement containing the alleged error. 15 U.S.C. §1666(a). Regulation Z specifies

ORDER
PAGE - 5

that the 60-day period begins to run "after the creditor [has] transmitted the *first* periodic statement that reflects the alleged billing error." 12 C.F.R. §226.13(b)(1)(emphasis added). *See Dawkins v. Sears Roebuck and Company*, 109 F.3d 241, 243 (5th Cir. 1997); *see also Pinner v. Schmidt*, 805 F.2d 1258, 1264 (5th Cir. 1986)(holding that 60-day notice period begins to run "when a disputed statement is first received"), *cert. denied*, 483 U.S. 1022, 1032 (1987). Here, the Court finds that defendant's obligations under TILA were not triggered because plaintiff's November 24, 2004 letters were not sent within 60 days of the first statement reflecting the alleged billing errors.

Plaintiff argues that his letters were timely because defendant received the letters within 60 days of the particular disputed billing statements. Plaintiff further argues that "a billing error under Section 1666(b)(2) occurs for the first time on a statement necessarily by definition upon the requesting of clarification and or documentary evidence." (Dkt. #20 at 8). The Court finds plaintiff's reasoning illogical and unsupported by legal authority. Plaintiff ignores the full language of §1666(b)(2), which reads: "A reflection on a statement of an *extension of credit* for which the obligor requests additional clarification including documentary evidence thereof."15 U.S.C. §1666(b)(2) (emphasis added).

Here, plaintiff states:

> "[T]he amount of indebtedness is called into question. Therefore I request the documentary evidence of indebtedness detailed below. The statement contains billing errors under 15 U.S.C. §1666(b)(2) in that the statement contains inaccuracies through their individual items, the entire balance due, finance charges and all extensions of consumer credit for which you claim I am indebted to you, and I request clarification regarding all such extensions of consumer credit, including all documentary evidence thereof you posses or are able to obtain, specifically including, but not limited to the following: . . ."

(Dkt. #14, Ex. 5 at 2).

From the record, the Court finds that the only "extension of credit" to which plaintiff could object is the original extension of consumer credit. Plaintiff's accounts with defendant were opened in 1996 and 2000, and the 60 day period for disputing defendant's extensions of credit has long since

ORDER
PAGE - 6

passed. With respect to plaintiff's argument that finance charges are an extension of credit under 1666(b)(2), plaintiff fails to provide legal support for that theory, and the Court rejects his argument.

Finally, plaintiff's assertion that he need only provide written notice within 60 days of the latest statement containing the finance charges was rejected in *Dawkins*, where the court held that a creditor could not be in "continuous violation" when disputed charges unquestionably appeared on statements more than 60 days before plaintiff sent notice of billing error. *Dawkins v. Sears Roebuck & Co.*, 109 F.3d at 243. Plaintiff provides no legal authority to the contrary.

Accordingly, plaintiff's allegations that defendant failed to comply with FCBA procedure following receipt of his letters are moot because defendant's obligations under the statute were never triggered. The Court finds that defendant had no duty to acknowledge or investigate alleged billing errors and plaintiff's motion fails as a matter of law.

## IV.  CONCLUSION

The Court has reviewed the parties' briefing on their motions for summary judgment, along with the remainder of the record, and hereby finds and ORDERS:

(1) Defendant's Motion for Summary Judgment (Dkt. #13) is GRANTED, and this case is DISMISSED.

(2) Plaintiff's Motion for Summary Judgment (Dkt. #22) is DENIED.

(3) The Clerk SHALL send a copy of this Order to all counsel of record.

DATED this   12   day of March, 2007.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE